## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HENRY A. MARLON, | : | CIVIL ACTION NO. **1:CV-13-2375** |
| | : | |
| Petitioner | : | (Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| ERIC HOLDER, *et al.*, | : | |
| | : | |
| Respondents | : | |

### REPORT AND RECOMMENDATION

**I.      Procedural Background.**

On September 13, 2013, Petitioner, Henry A. Marlon, a detainee of the Bureau of

Immigration and Customs Enforcement ("ICE") confined at York County Prison, filed a Petition

for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  Petitioner, proceeding *pro*

*se*, names as Respondents: Attorney General Eric Holder; Janet Napolitano, Secretary of the

Department of Homeland Security; Thomas L. Decker, District Director of the Pennsylvania

Field Office for ICE; and  Mary Sabol, Warden of the York County Prison ("YCP") (collectively,

"Respondents")[1], where Petitioner is currently confined.[2]  (Doc. 1).  Petitioner attached Exhibits

---

[1]We note that Petitioner named one correct Respondent in his habeas petition, namely, Mary Sabol, who is the Warden at YCP.  *See* 28 U.S.C. §§ 2242 and 2243.  The other three named Respondents are not proper Respondents.  *Id.* Respondents incorrectly note in their Response to the habeas petition that the only proper Respondent is the "warden of the Pike County Prison."  (Doc. 14, p. n. 1).

[2]As Petitioner recognizes, this Court has venue and jurisdiction with respect to his habeas petition challenging his continued physical custody by ICE at YCP.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) (finding that a petition pursuant to 28 U.S.C. § 2241 challenging an alien's present physical custody in the United States should be filed in the district where the petitioner is confined).

to his habeas petition. Petitioner also filed a Motion to proceed *in forma pauperis*, but we denied it since Petitioner had sufficient funds in his inmate account to pay the filing fee. Petitioner then paid the filing fee.   (Docs. 2, 6, 7 & 9).

The Court issued an Order to Show Cause on October 24, 2013, and directed Respondents to respond to  the habeas petition.  (Doc. 11).  On November 13, 2013, Respondents filed a Response to the Habeas Petition, with attached unpublished decisions and Exhibits. (Docs. 14, 14-1 & 14-2). On November 27, 2013, Petitioner filed a Motion for an Extension of Time to file his Traverse and for a copy of Respondents' Response. (Doc. 15). Petitioner  filed an 8-page Traverse, styled as a "Response to the Respondent's Motion to Dismiss the Writ of Habeas Corpus," on December 19, 2013.  (Doc. 17).  On January 13, 2014, Respondents filed an Amended Certificate of Service regarding their Response to Petitioner 's habeas petition stating that their Response that was initially mailed to Petitioner at YCP was returned as  undeliverable since it had an incorrect Alien number for Petitioner.  (Doc. 18).  Regardless, Petitioner stated that he received a copy of the Respondents' Response from the Clerk of Court on December 13, 2013.  (Doc. 19, p. 1, ¶ 5).

We find Petitioner's Motion for an Extension of Time to file his Traverse and for a copy of Respondents' Response (Doc. 15) to now be moot.

On January 21, 2014, Petitioner filed a "Motion for Reconsideration to Compel/or to Proceed on the Petitioner 's Habeas Corpus." (Doc. 19). The Clerk of Court docket Petitioner 's Doc. 19 Motion as a Motion to Expedite his case.  In his Motion, Petitioner requests that this Court grant him a bond hearing, and he states that he is not a danger to the community and that

2

he is not a flight risk. Petitioner also requests the Court to rule on his habeas petition and to deny Respondents' request to dismiss it.

In his habeas petition, Petitioner basically claims that the mandatory detention provision of §236(c) of the INA does not apply to him since ICE did not take him into custody when he was released from prison, rather, 10 months lapsed before he was taken into custody by ICE. In his habeas petition, Petitioner requests that this Court grant him a bond hearing under §236(a) of the INA.

As discussed below, we agree with Respondents that the Third Circuit Court of Appeals' precedential decision in *Sylvain v. Attorney General of the United States*, 714 F.3d 150, 2013 WL 1715304 (3d Cir. April 22, 2013), is directly on point with the main issue in the instant case, namely, whether Petitioner is subject to mandatory detention under 8 U.S.C. §1226(c) [§236(c) of the INA] since he was not immediately taken into custody by ICE "when released" from custody on his removable offense.[3]   We agree with Respondents, based on the Third Circuit's decision in   *Sylvain v. Attorney General of the United States*, *supra*, that Petitioner's claim he is not subject to mandatory detention is without merit.  *See Espinosa-Almonte v. Sabol*, Civil No. 12-2514, M.D. Pa., 2013 WL 3894861 (M.D.Pa. July 26, 2013).

The habeas petition is now ripe for disposition.

---

[3]The Third Circuit Court denied en banc rehearing in the case of *Sylvain v. Attorney General of the United States* on July 12, 2013.  *See Dimanche v. Tay-Taylor*, 536 Fed.Appx. 173, 175 n. 3 (3d Cir. 2013).

3

**II.         Factual Background.**

Petitioner is a citizen and native of Trinidad and Tobago. (Docs. 1 and 14, Ex. 1).  He entered the United States as a nonimmigrant visitor for pleasure on June 21, 1990. (Doc. 14, Ex. 2).  Petitioner 's status was adjusted to lawful permanent resident on December 2, 1993. (*Id.*).

On February  27, 2007, Petitioner was convicted in the Court of Common Pleas, Philadelphia County, Pennsylvania, of Involuntary Deviate Sexual Intercourse and Sexual Assault.  (Doc. 14, Ex. 2 & Ex. 4).   As a result of that conviction, Petitioner was sentenced to three years and six months to seven years in prison.  (*Id.*).   Also, as a result of that conviction, on May 22, 2013, ICE issued a Notice to Appear, charging that Petitioner Marlon was removable pursuant to Section 237(a)(2)(A)(iii) of the Immigration and Naturalization Act ("INA"), for committing an aggravated felony as defined by Section 101(a)(43)(F), and for committing an aggravated felony related to the sexual abuse of a minor as defined by Section 101(a)(43)(A). (Doc. 14, Exs. 1 & 2).

On May 30, 2013, at about 8:00 a.m., Petitioner was arrested and taken into custody by ICE officials at Willows Avenue in Philadelphia.  ICE determined that Petitioner was subject to mandatory detention under §236(c) of the INA, and that he would remain in ICE custody with no bond hearing.  (Doc. 14, Ex. 1).

Petitioner made a request for release on bond, and on June 26, 2013, an Immigration Judge ("IJ") denied it.  (Doc. 14, Ex. 5). The IJ issued a Memorandum of Decision and Order on July 21, 2013, regarding Petitioner's request for release on bond. (Doc. 14, Ex. 6). The IJ found no merit to Petitioner 's contention that he was not subject to mandatory detention

Case 1:13-cv-02375-YK   Document 20   Filed 02/28/14   Page 5 of 20

under §236(c) of the INA since ICE officials did not immediately take him into custody when he was released from his prison sentence.  The IJ relied upon the Third Circuit's decision in *Sylvain, supra*, as well as the case of *Matter of Rojas*, 23 I&N Dec. 117 (BIA 2001), and found that even though Petitioner was not immediately taken into custody by ICE when he was released from confinement, Petitioner was still subject to mandatory detention.

In August 2013, Petitioner, through counsel, filed a Motion for Bond Redetermination with the Board of Immigration Appeals ("BIA") arguing that he was not subject to mandatory detention under §236(c) of the INA since he was released from prison after serving his Philadelphia County sentence about 10 months before ICE officials took him into custody. Petitioner claimed that he was improperly subjected to mandatary detention. Petitioner relied on the New Jersey District Court's June 28, 2011 decision in *Sylvain v. Attorney General of the United States*, 2011 U.S.Dist. LEXIS 69591 (D.N.J. June 28,  2011). Respondents attached a copy of this unpublished decision to their Response. (Doc. 14-1).   However, the New Jersey  District Court's June 28, 2011 decision in *Sylvain v. Attorney General of the United States*, 2011 U.S.Dist. LEXIS 69591 (D.N.J. June 28,  2011), was overturned by *Sylvain v. Attorney General of the United States*, 714 F.3d 150 (3d Cir. April 22, 2013).   On August 27, 2013, the BIA dismissed Petitioner 's appeal of the IJ's decision denying his request for release on bond.[4]  (Doc. 14, Ex. 8).

_____

[4]Petitioner also attached to his habeas petition copies of the IJ's July 21, 2013 Memorandum of Decision and Order, and the BIA's August 27, 2013 Order dismissing Petitioner 's appeal.

Petitioner's removal proceedings before the immigration court were initially re-scheduled for June 26, 2013, in York County, Pennsylvania, and then re-scheduled for August 12, 2013, and for September 4, 2013, and finally re-scheduled for November 13, 2013. (Doc. 14, Ex. 9). Respondents stated that "[t]he time needed to adjudicate Marlon's challenge to his detention has delayed the removal proceedings." (Doc. 14, p. 4). Respondents' Ex. 9 indicates that Petitioner's removal hearing, which was re-scheduled for November 13, 2013, was to be a "merits" hearing. Since Respondents' instant Response in this case was filed on November 13, 2013, they did not state whether Petitioner had his merits removal hearing, and if so, the result. Nor does Petitioner state in his December 19, 2013 Traverse (Doc. 17) whether he had his merits removal hearing, and any result if he had his hearing. Thus, there is nothing in the current record filed by either Petitioner or Respondents indicating if Petitioner ever received an order of removal.

**III.     Claims of Habeas Petition.**

As stated, Petitioner challenges ICE's determination that he is subject to mandatory detention under § 236(c) [8 U.S.C. § 1226(c)] without giving him a bond hearing. (Doc. 1). He challenges the authority of ICE to detain him while he is waiting for a final removal order and argues that he is not subject to mandatory detention because he was not placed in the custody of ICE "when released" from custody on a removable offense. In essence, Petitioner argues because ICE did not take him into custody when he was released from confinement after serving his Philadelphia County criminal sentence, which was the result of a conviction for a removable offense, and allowed him to live in the community for about ten (10) months before

taking him into custody on May 30, 2013, he is not subject to mandatory detention without a

bond  hearing.   Petitioner also points out that since he lived peacefully in the community for 10

months, this shows he is not a danger to the community.

Respondents argue that Petitioner is subject to mandatory detention under §236(c) of

the INA and, that his detainment has not been unreasonably prolonged such that he would be

entitled to habeas relief.  As stated, Respondents rely on the Third Circuit Court of Appeals'

precedential decision in *Sylvain v. Attorney General of the United States*, *supra*, which is directly

on point with the first issue in this case.

Petitioner also claims that the duration of his continued detention by ICE at YCP

violates his due process rights and in unreasonable.

## IV.        Discussion.

The first issue in this case is whether Petitioner Marlon is  subject to mandatory

detention provisions of 8 U.S.C. §1226(c), §236(c) of the INA, since ICE did not take him into

custody for about ten (10) months after his release from prison for his Philadelphia County

sentence.

Initially, based on *Thomas v. Hogan*, 2008 WL 4793739, *3 (M.D. Pa.), we agree

with Petitioner that this Court has jurisdiction to decide his habeas petition.  In *Thomas*, the

Court stated:

> It is well-established that district courts retain jurisdiction to consider an
> alien's habeas challenge to the statutory framework mandating his
> detention during removal proceedings. *See* 28 U.S.C. § 2241(c)(3)
> (noting that the writ of habeas corpus may extend to those held in
> custody in violation of the constitution "or laws or treaties of the United
>  States"); *Demore v. Kim,* 538 U.S. 510, 517, 123 S.Ct. 1708, 155

> L.Ed.2d  724 (2003) (finding that the INA does not bar habeas review of
> statutory or constitutional challenges to detention).

*Id.  See also Madrane v. Hogan*, 2007 WL 3145956, * 12 - * 13 (M.D. Pa.), 520 F. Supp. 2d 654

(M.D. Pa. 2007); *Dang v. Lowe*, 2010 WL 2044632, 2010 WL 2044634 (M.D. Pa.).

In *Motto v. Sobol,* 2010 WL 146315, *3 (M.D. Pa.), the Court stated:

> The apprehension and detention of aliens, pending removal decisions, are
> governed by the provisions by § 236 of the INA, 8 U.S.C. § 1226. Under
> § 1226(a), the Attorney General may issue a warrant for arrest and detention
> of an alien, pending a decision on whether the alien is to be removed from the
> United States. Although § 1226(a) permits discretion, (c)(1) states that "The
> Attorney General shall take into custody any alien who ... (B) is deportable by
> reason of having committed any offense covered in section 1227(a)(2)(A)(ii),
> (A)(iii), (B), (C), or (D) of this title." 8 U.S.C. § 1226(c)(1).

*See also*, *Thomas v. Hogan*, 2008 WL 4793739, *1-*2; *Donaldson v. Donate*, 2009 WL

5179539, *2 (M.D. Pa.).

There is no dispute that Petitioner was released from confinement on his

Philadelphia County sentence, which was based on a conviction for a removable offense, and

that ICE did not take him into custody  immediately upon his release from his stated 2007

sentence. In fact, as Respondents point out, Petitioner concedes that his Philadelphia County

conviction constituted a removable offense.  Thus, Petitioner does not challenge his

removability. (Doc. 1, p. 2).  Also, there is no dispute that ICE took Petitioner into custody on

May 30, 2013, almost ten (10) months after his release from prison. Nonetheless, ICE and the IJ

have determined that Petitioner is subject to mandatory detention under INA § 236(c), 8 U.S.C.

§ 1226(c), without being eligible for an individualized bond hearing.

The clear language of § 236(c) states that an alien is subject to mandatory detention "when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation .... ." *See Cox v. Monica*, 2007 WL 1804335, *1 (M.D. Pa.).

Petitioner Marlon states that since he was not immediately detained by ICE when he was released from prison with respect to his 2007 Philadelphia County sentence, and since ICE had waited for almost 10 months to detain him, the mandatory detention provision is no longer applicable to him. Petitioner indicates that under the plain meaning of §236(c), which is not ambiguous, he is not subject to the mandatory detention provision.

Recently, as Respondents correctly point out, the Third Circuit "has rejected the plain language interpretation of section §236(c) and ruled that immigration officials do not lose authority to detain an alien under section §236(c) if they fail to take him into custody immediately 'when the alien is released.'" (Doc. 14, p. 6). Respondents correctly cite to the Third Circuit Court of Appeals case of *Sylvain v. Attorney General of U.S.*, 714 F.3d 150 (3d Cir. 2013) decided on April 22, 2013.

In *Sylvain*, the Third Circuit Court considered an almost identical set of facts to the present case. The Petitioner in *Sylvain* was a Haitain citizen who had been released from a drug conviction in the United States, yet was not taken into ICE custody until nearly four years later. *Id.* at 153. Just as in the instant case, ICE detained the Petitioner in *Sylvain* without a bond hearing. Thus, the Petitioner in *Sylvain* filed a habeas corpus petition, arguing that the mandatory detention did not apply to him because the "when release" language of §1226(c)(1) implied an obligation to detain immediately upon his release. *Id.* The Third Circuit ultimately

9

decided that it should defer to the Board of Immigration Appeals' interpretation of the statute. The Third Circuit Court held, "[e]ven if the statute calls for detention 'when the alien is released,' and even if 'when' implies something less than four years, nothing in the statute suggests that immigration officials lose authority if they delay." *Id.* at 157. *See also Espinosa-Almonte v. Sabol*, 2013 WL 3894861(Based on *Sylvain v. Attorney General of U.S.*, 714 F.3d 150, the M.D. Pa. District Court rejected Petitioner's argument that because ICE did not take him into custody when he was released from his criminal conviction for a removable offense, the last of which was in 2001, and because he was allowed to live in the community for years before ICE took him into custody in September of 2011, he was not subject to mandatory detention without a bond hearing.); *Dimanche v. Tay-Taylor*, 536 Fed.Appx. 173, 175 (3d Cir. 2013)(In *Dimanche*, the Third Circuit Court stated that *Sylvain* held "§1226(c) does not require ICE detention to immediately follow an alien's release from incarceration and reversing the District Court decision to the contrary.").

The Third Circuit Court in *Sylvain v. Attorney General of U.S.*, 714 F.3d 150, premised its holding on several bases. First, it interpreted the language of the statute, stating: "The text does not explicitly remove that authority if an alien has already left custody. We are loath to interpret a deadline as a bar on authority after the time has passed - even when the word 'shall' appears in the text." *Id.* at 157. Secondly, the Court took a public-interest approach, acknowledging that the underlying purpose of the statute is to protect the public by detaining the most dangerous criminal aliens. "Bureaucratic inaction - whether the result of inertia, oversight, or design - should not rob the public of statutory benefits." *Id.* at 158. Based

10

on these two fundamental approaches, and considering the various case precedent, the Third

Circuit concluded that the language of §1226(c)(1) does not in anyway contemplate a time limit

on detention after a criminal-immigrant's release, and as such, the  Third Circuit Court reversed

the District Court's granting of Petitioner's habeas petition.

The Third Circuit Court reiterated its *Sylvain* holding in the case of *Gonzalez-Ramirez*

*v. Secretary of U.S. Dept. Of Homeland Sec.*, 2013 WL 2934090 (3d Cir. June 14, 2013), as well

as in the case of *Dimanche v. Tay-Taylor*, 536 Fed.Appx. 173(3d Cir. Sept. 3, 2013).  In those

cases, the Third Circuit Court was faced with the same issue as in the present case, namely, the

interpretation of the "when released" language of §1226(c)(1), and again found that, "the

Government does not lose its §1226(c) 'mandatory detention' authority if it fails to detain an

alien immediately upon release from state custody."  *Gonzalez-Ramirez v. Secretary of U.S.*

*Dept. Of Homeland Sec.*, 2013 WL 2934090  at *3; *Dimanche v. Tay-Taylor*, 536 Fed.Appx. at

175-176.

Based upon the above decisions, we agree with Respondents and find that Petitioner

Marlon's habeas petition should be denied. Insofar as Petitioner Marlon challenges his

mandatory detention on the grounds that he was not detained "when released" from his  2007

Philadelphia County sentence, and insofar as Petitioner, in his Traverse, tries to distinguish the

*Sylvain* case, we find that Petitioner's arguments are not persuasive.  In light of *Sylvain,*

*Gonzalez-Ramirez*, and *Dimanche v. Tay-Taylor*, as well as *Espinosa-Almonte v. Sabol*, we find

that the issue is now settled in the Third Circuit that ICE does not face any time limit as to when

it must detain aliens pursuant to §1226(c)(1).  As such, we will recommend that Petitioner's

11

petition for habeas be denied with respect to the issue of whether Petitioner is subject to mandatory detention under §1226(c) since he clearly is.  *See Sylvain, supra;  Gonzalez-Ramirez, supra; Dimanche v. Tay-Taylor*, *supra*; *Espinosa-Almonte v. Sabol, supra.*

To the extent that Petitioner Marlon challenges to the duration of his continued detention by ICE at YCP, under *Zadvydas*, and lack of due process procedural safeguards, we must also consider this claim.

Petitioner asserts that, an "LPR [lawful permanent resident] in removal proceedings may be qualif[ied] for  release from detention under the news rules written by the [ICE] in November 2001 after the U.S. [S]upreme [C]ourt decision in [*Zadvydas v. Davis*, 533 U.S. 678 (2001)]."  (Doc. 17, p. 5).   Petitioner also states that "procedural due process challenges may be made to mandatory detention rules that do not permit individualized hearing on the issue of whether an individual is a threat to the community [or] a risk of flight in certain situations."  (*Id*.). Petitioner concedes that ICE can detain him and that ICE has legitimate grounds to detain some aliens pending removal, but he contends that the only issue in his case is whether he "can be mandatorily detained pending a final determination on removal without any opportunity for an individualized determination of [his] risk of flight or danger to the community."  (*Id*., p. 6). Petitioner concludes that since he does not pose a danger to the community, since he is not a flight risk, since no special circumstances exist to justify his continued detention, since his due process rights are being violated, and since he "cannot be removed at this time while pursuing his removal proceedings," this Court should grant him immediate release from YCP under an

order of supervision.  Petitioner also suggests that release on a $3000 bond would be fair in his case.[5]  (*Id.*, pp. 7-8).

The United States Supreme Court held in *Demore v. Kim*, 538 U.S. 510 (2003), that mandatory detention, under 8 U.S.C. § 1226(c), during removal proceedings does not violate the convicted alien's due process rights.  In *Demore*, a lawful permanent resident filed a habeas petition challenging the mandatory custody provision of § 1226(c), pursuant to which he was held for six months during the pendency of removal proceedings against him.  *Id.*  Justice Kennedy, in concurring, stated that due process may require an individualized determination if continued detention becomes unreasonable or unjustified.  *Id.*

However, the Court's holding in *Demore* has not resulted in an absolute or an unconditional approach to the issue of detention pending removal for convicted aliens. While the Court in *Demore* held that mandatory detention of a convicted alien pending removal is constitutional, federal courts nationwide and within this district have echoed Justice Kennedy's concurrence in determining that the prolonged or indefinite detention of aliens under § 1226(c) may violate due process rights.  *See Tijani v. Willis*, 430 F.3d 1241, 1242 (9th Cir. 2005)(deciding that an alien was entitled to be released on bail after being imprisoned for over two years during removal proceedings); *Nunez-Pimental v. U.S. Department of Homeland Security*, 2008 WL 2593806, at * 5 (M.D. Pa. 2008) (deciding that prolonged detention justified habeas relief under reasonable conditions of supervision)*; Prieto-Romero v. Clark*, 534 F.3d

_____

[5]We note that when Petitioner filed his Doc. 17 Traverse on December 19, 2013, it appears that he was still not subject to a final removal order.

1053, 1065-66 (9th Cir. 2008)(deciding that periodic reviews of an alien's prolonged detention can satisfy due process concerns); *Occelin v. District Director for Immigration Custom Enforcement*, 2009 WL 1743742 (June 17, 2009 M.D. Pa.)(Rambo, J.)(ordering a hearing at which the government must justify the petitioner's prolonged detention).

In *Madrane v. Hogan*, 520 F.Supp.2d 654 (M.D. Pa. 2007)(Kane, C.J.), the Court determined that the Supreme Court's decision in *Demore* was not meant to protect prolonged or indefinite detention. The Court stated that the *Demore* decision was "grounded in repeated reference to the anticipated brevity that pre-final order removal proceedings are expected to take in the ordinary course." *Id*. at 664. The Court also noted that several courts have determined that due process requires an alien who is subject to lengthy mandatory detention must be given a bail hearing or be released. *See Madrane*, 520 F.Supp.2d at 665.

In *Motto*, 2010 WL 146315, *3-*4, the Court stated:

> The United States Supreme Court held in *Demore v. Kim,* 538 U.S. 510, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003), that mandatory detention under 8 U.S.C. § 1226(c) during removal proceedings does not violate the protections guaranteed under the Constitution. In *Demore,* a lawful permanent resident filed a habeas petition challenging the no-bail provision of § 1226(c), pursuant to which he had been held for six months during the pendency of removal proceedings against him. The Supreme Court held that detention of lawful permanent residents during removal proceedings is constitutionally permissible, even when there has been no finding that they are unlikely to appear for their deportation proceedings. *See id.,* 538 U.S. at 523-524. Significantly, the *Demore* court repeatedly qualified its holding by noting that mandatory detention is constitutionally permissible for the "brief," 538 U.S. at 513, 523, "limited," *id.* 526, 529 n. 12, 531, and "temporary," *id.* at 531, period necessary for removal proceedings. When it moves beyond the brief and limited period reasonably necessary to accomplish removal proceedings, mandatory detention is inconsistent with both the due by the Constitution and the statutory purposes of the

14

process required INA.

The growing consensus within this district and, indeed it appears throughout the federal courts, is that the prolonged detention of aliens under § 1226(c) raises serious constitutional concerns. *See, e.g., Tijani v. Willis,* 430 F.3d 1241, 1242 (9th Cir.2005); *Ly v. Hansen,* 351 F.3d 263, 267-68 (6th Cir.2003); *Lawson v. Gerlinski,* 332 F.Supp.2d 735, 744-46 (M.D.Pa.2004); *Prince v. Mukasey,* 593 F.Supp.2d 727, 734 (M.D.Pa.2008); *Madrane v. Hogan,* 520 F.Supp.2d 654 (M.D.Pa.2007). Although mandatory detention under § 1226(c) serves the statutory purpose of guaranteeing an alien's presence at removal proceedings, prolonged detention contravenes the intent of Congress that such proceedings proceed expeditiously. *Ly,* 351 F.3d at 269; *see also Patel v. Zemski,* 275 F.3d 299, 304 (3d Cir.2001), overruled on other grounds by *Demore,* 538 U.S. at 516 (noting "[ t] he current immigration laws reflect part of a growing effort by Congress to expedite the removal of criminal aliens").

In *Chowdhury v. Holder*, 2011 WL 765974, *7 (D.N.J. 2-25-11), the Court stated:

The Third Circuit has not applied *Demore* in any published decision. However, in *Castellanos v. Holder,* 337 Fed. App'x 263 (3d Cir.2009), the Third Circuit affirmed the dismissal of a § 2241 petition raising a challenge under *Zadvydas* to petitioner's mandatory detention pursuant to § 1226(c) pending the outcome of his petition for review of an order of removal denying asylum, where the Court of Appeals had stayed petitioner's removal.

In *Alli v. Decker*, 644 F.Supp. 2d 535, 2009 WL 2430882 (August 10, 2009 M.D. Pa.)(Jones, J.), the Court adopted a reasonableness standard to assess the extended detention of aliens and ensure that the requirements of due process are served.  Adopting a variation of the approach taken by the Sixth Circuit case of *Ly v. Hansen*, the Court stated:

The Court construes § 1226(c) as authorizing mandatory detention for the period of time reasonably necessary to promptly initiate and conclude removal proceedings. If an alien detained pursuant to § 1226(c) makes a showing via a habeas petition that detention is no longer reasonable, the alien must be afforded a hearing before the habeas court at which the government bears the burden of justifying continued detention based on traditional bail factors such as the alien's risk of flight and potential danger to the community.

15

*Alli v. Decker*, 2009 WL 2430882, *7 (M.D. Pa. 2009); *Jayasekara v. Warden, York County Prison*, 2011 WL 31346 (M.D. Pa. 1-15-11).

The *Alli* Court laid out four factors to consider in determining the reasonableness of continued detention under § 1226(c): 1) whether the detention has continued beyond the average time necessary for completion of removal proceedings; 2) the probable extent of future removal proceedings; 3) the likelihood the removal proceedings will actually result in removal; and 4) the conduct of the alien and the government during removal. *Id*. The Court noted that these factors are not a conclusive or comprehensive list of all considerations, emphasizing that a court should examine the facts of each case to determine whether there has been an unreasonable delay in concluding removal proceedings. *Id*.

Petitioner Marlon presently is being detained at YCP by ICE and, he has been detained by ICE since his arrest on May 30, 2013. *(See* Doc. 19 & Doc. 14, p. 6).  The record does not indicate if Petitioner is now subject to a final removal order.  Thus, Petitioner has been held at YCP in ICE's custody for about nine (9) months to date.  Respondents state that Petitioner's "current detention is reasonably based on the fact that his [removal] proceedings were prolonged by his bond redetermination and subsequent appeal to the BIA." (Doc. 14, p. 6).  Based on Respondents' Exhibits 7-9 attached to their Doc. 14 Response, detailed above, we agree with Respondents that the delays in Petitioner's removal proceedings have largely been attributed to Petitioner. *See Espinosa-Almonte v. Sabol*, 2013 WL 3894861, *1.

In light of the above factors and based on the Exhibits submitted by both parties, we find that Petitioner Marlon's continued detention at YCP has  been reasonable, and that it does

16

not violate his due process rights.  First, Petitioner's detention has not been unduly prolonged.

Petitioner was taken into custody on May 30, 2013, about nine (9) months ago.  We do not find

that his detention has been excessive.  *See Espinosa-Almonte v. Sabol*, 2013 WL 3894861(Court

found that 21-month detention of Petitioner was not unreasonable); *Hernandez v. Sabol*, 823

F.Supp. 2d 266 (M.D. Pa. 2011)(This Court held that eight (8) months Petitioner was detained

during  removal proceedings was not unreasonable); *Pierre v. Sabol*, 2011 WL 2470461 (M.D.

Pa. May 20, 2011), adopted by 2011 WL 2516332 (M.D. Pa. June 20, 2011)(This Court held

that eight (8) months Petitioner was detained during  removal proceedings was not

unreasonable).  We note that Respondents attached a copy of this Court's decision in *Pierre v.*

*Sabol* to their Doc. 14 Response.

As mentioned above, and as Respondents point out, Petitioner Marlon had his

removal hearing re-scheduled at least three times due to his request to be released on bond and

his appeal, all of which have undoubtedly contributed to the length of his removal proceedings

and detention.

Second, there is not a basis to expect that the duration of the future removal

proceedings in this matter will be extensive.  Respondents' Response and Exhibits indicate that

Petitioner's merits removal hearing was re-scheduled for November 13, 2013, and that after his

merits hearing, it appears that Petitioner would not be subject to any more hearings.[6]

---

[6]We again note that at this time, in late February of 2014, neither Petitioner nor
Respondents have filed an update as to the current status of the Petitioner's removal
proceedings.  As stated above, Petitioner's Traverse, filed in December of 2013, seems to
indicate that the immigration court did not yet issue a final removal order in his case.  (Doc. 17).

Thus, we will recommend that Petitioner Marlon's claim that his continued detention by ICE at YCP  violates due process and is unreasonable be denied.  *See Jayasekara v. Warden, York County Prison,* 2011 WL 31346; *Espinosa-Almonte v. Sabol*, *supra*.

**V.**          **Recommendation.**

Based on the foregoing, it is respectfully recommended that Petitioner Marlon's Petition for Writ of Habeas Corpus **(Doc. 1)** be denied.  It is also recommended that Petitioner's Motion for an Extension of Time to file his Traverse and for a copy of Respondents' Response **(Doc. 15)** be denied as  moot, and that Petitioner's "Motion for Reconsideration to Compel/or  to Proceed on the Petitioner 's Habeas Corpus" **(Doc. 19**) be denied as moot.

**s/ Thomas M. Blewitt**
_____**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: February 28, 2014**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HENRY A. MARLON, | : | CIVIL ACTION NO. **1:CV-13-2375** |
| | : | |
| Petitioner | : | (Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| ERIC HOLDER, *et al.*, | : | |
| | : | |
| Respondents | : | |

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **February 28, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in 28
> U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of
> a prisoner case or a habeas corpus petition within ten (10) days after being
> served with a copy thereof.  Such party shall file with the clerk of court,
> and serve on the magistrate judge and all parties, written objections which
> shall specifically identify the portions of the proposed findings,
> recommendations or report to which objection is made and the basis for
> such objections.  The briefing requirements set forth in Local Rule 72.2
> shall apply.  A judge shall make a de novo determination of those portions
> of the report or specified proposed findings or recommendations to which
> objection is made and may accept, reject, or modify, in whole or in part,
> the findings or recommendations made by the magistrate judge.  The
> judge, however, need conduct a new hearing only in his or her discretion
> or where required by law, and may consider the record developed before
> the magistrate judge, making his or her own determination on the basis of
> that record.  The judge may also receive further evidence, recall witnesses
> or recommit the matter to the magistrate judge with instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.


                                                    s/ Thomas M. Blewitt
                                                    **THOMAS M. BLEWITT**
                                                    **United States Magistrate Judge**

**Dated:  February 28 2014**